UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AF HOLDINGS LLC, | CIVIL NO. 11-1794 (JRT/JSM) |
| Plaintiff | |
| | ORDER |
| v. | |
| DOES 1 – 29, | |
| Defendants. | |

The above matter came on before the undersigned upon Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Docket No. 2].

Based upon the Complaint with attached Exhibits, all the papers filed in connection with the motion and relevant case law, this Court finds that there is good cause for the expedited discovery sought by the motion, the need for the information sought by the motion outweighs any potential prejudice to the defendant Does, and that *ex parte* relief is appropriate under the circumstances where there are no known defendants with whom plaintiff can serve or confer.

Therefore, being duly advised in the premises, upon all of the files, records, and proceedings herein, the Court now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Docket No. 2] is GRANTED as follows:

1. Plaintiff may immediately serve Rule 45 subpoenas from Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint, which subpoenas may request information the following information to identify each

defendant Doe: full name; current (and permanent) address; telephone number; and e-mail address.

2. The return date for each subpoena shall be no earlier than 30 days following the service of the subpoena upon the ISP.

3. Each ISP served with a subpoena shall within 7 days of the ISP's receipt of the subpoena serve a copy of the subpoena and a copy of this Order upon the defendant Doe whose identity is sought through the subpoena and for whom plaintiff has provided an IP address. The ISP may effectuate service on the defendant Doe covered by its subpoena, using any reasonable means, including written notice sent to the defendant Doe's last known address, transmitted either by first-class mail or via overnight service.

4. Each ISP and defendant Doe shall have 14 days from the date of service upon them of the subpoena to serve and file any motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena). Any such motion shall be served on counsel for plaintiff, and if the motion is served by a defendant Doe, the motion shall also be served on the ISP that provided notice of the subpoena to that defendant Doe. If the 14-day period elapses without any ISP or defendant Doe filing a motion contesting the subpoena, the ISP served with the subpoena shall have 7 days to produce to plaintiff the defendant Doe's name, address, telephone number, and e-mail address sought by the subpoena.

5. Any information disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights as set forth in its Complaint.

6. Any ISP which receives a subpoena and elects to charge for the costs of production and notification of the defendant Doe that is the subject of the subpoena, shall provide to plaintiff a billing summary and any cost reports that serve as a basis for such billing summary.  Plaintiff and the ISP shall then confer, if necessary, with respect to the issue of payment for the information requested in the subpoena and for the ISP's internal costs to notify the defendant Doe.

7. Each subpoenaed ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion objecting to the subpoena.

8. Plaintiff may not file an amended complaint until further order of this Court.


Dated:     July 28, 2011              *s/ Janie S. Mayeron*
                                      JANIE S. MAYERON
                                      United States Magistrate Judge